IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Jay Connor | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | **ANSWER TO PLAINTIFF'S THIRD** |
| v. | ) | **AMENDED COMPLAINT AND** |
| | ) | **COUNTERCLAIMS OF VANTIS LIFE** |
| Vantis Life Insurance Company and Tech | ) | **INSURANCE COMPANY** |
| Leads, LLC | ) | |
| | ) | C.A. No. 2:20-cv-01366-DCN-MGB |
| Defendants | ) | |
| | ) | |

Defendant Vantis Life Insurance Company ("Vantis") files its answer to Plaintiff's Third Amended Complaint.

**First Defense**

Vantis did not make telephone calls to plaintiff as alleged, and did not make telephone calls to plaintiff in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**Second Defense**

Vantis did not make telephone calls to plaintiff using an automatic telephone dialing system or an artificial prerecorded voice message.

**Third Defense**

In accordance with the TCPA, 47 U.S.C. § 227(c)(5), Vantis established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA and the regulations prescribed under the TCPA.

1

**Fourth Defense**

Plaintiff's claims against Vantis are barred by Federal Rule of Civil Procedure 12(b)(6), because plaintiff's third amended complaint fails to state a cause of action upon which relief can be granted.

**Fifth Defense**

Plaintiff's claims are barred, because plaintiff was and is acting in bad faith to create causes of action and to extract "settlements" from persons or companies that call his telephone number in response to his expressed interest in their products or services.

**Sixth Defense**

Plaintiff's claims are barred by his intentional and misleading participation in the telephone call(s) alleged in his third amended complaint.

**Seventh Defense**

Plaintiff failed to exercise reasonable diligence to mitigate any alleged damages he claims to have sustained.

**Eighth Defense**

Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, and Fourteenth Amendments to the Constitution of the United States.

**Ninth Defense**

Plaintiff's claim is barred, because he granted consent, express or implied, to be contacted by telephone.

114352881.v1

### Tenth Defense

Plaintiff's claim is barred in whole or in part, because the telephone call alleged in his amended complaint was not "unwanted," and because he provided telephone numbers as part of a business or scheme operated by plaintiff.

### Eleventh Defense

Vantis did not willfully or knowingly violate any provision of the TCPA, or any regulation under the TCPA, and therefore plaintiff cannot recover treble damages.

### Twelfth Defense

Plaintiff's claims against Vantis are barred by the McCarran-Ferguson Act, 15 U.S.C. § 1012.

### Thirteenth Defense

Vantis answers the numbered paragraphs of plaintiff's third amended complaint as follows:

### Type of Action

1. Vantis admits that plaintiff seeks to recover damages under the TCPA. Vantis denies that such damages are recoverable and denies that it violated the TCPA.

### Parties

2. Paragraph 2 is admitted upon information and belief.

3. Answering paragraph 3, Vantis denies that it made calls to plaintiff as "alleged in this complaint." Vantis lacks knowledge or information sufficient to admit or deny that any calls were "made to Plaintiff's wireless phone line."

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted,

6. Paragraph 6 is admitted.

7. Paragraph 7 is admitted.

8. Paragraph 8 refers to another party and requires no answer by Vantis.

9. Paragraph 9 refers to another party and requires no answer by Vantis.

10. Paragraph 10 refers to another party and requires no answer by Vantis.

11. Paragraph 11 refers to another party and requires no answer by Vantis.

## Venue and Jurisdiction

12. Paragraph 12 is denied.

13. Paragraph 13 is admitted upon information and belief.

14. Vantis admits only that it removed this action from the Magistrate Court of Charleston County, South Carolina; that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1); and that venue is proper in this United States District Court.

## The Telephone Consumer Protection Act

15-21. Paragraphs 15 through 21 do not refer to Vantis, and they do not allege any acts or omissions by Vantis. Rather, they consist of plaintiff's legal theories, plaintiff's conclusions, and plaintiff's citations to various statutes, to the Congressional Record, and to certain judicial decisions, together with incomplete quotations from such sources. Therefore, no answers are required by Vantis to paragraphs 15 through 21. If answers should be required, Vantis refers plaintiff to the complete statutes and other sources cited by plaintiff, which speak for themselves, for a full disclosure of their contents, and denies any allegations against Vantis.

## The Worsening Problem of Robocalls

22-26. Paragraphs 22 through 26 do not refer to Vantis, and they do not allege any acts or omissions by Vantis. Rather, they consist of plaintiff's citations to various publications and internet sites, and to incomplete quotations from such sources. Therefore, no answers are

4

required by Vantis to paragraphs 22 through 26. If answers should be required, Vantis refers plaintiff to the complete publications and other sources cited by plaintiff, which speak for themselves, for a full disclosure of their contents, and denies any allegations asserted against Vantis.

**Telephone Calls Made to Plaintiff**

**First Call**

27. Answering paragraph 27, Vantis admits, on information and belief, that on January 24, 2020, a telephone call was placed by a third party to a telephone number, later confirmed by plaintiff to be his telephone number, which had been provided to the third party on a form expressing interest in insurance. Vantis is without knowledge or information sufficient to admit or deny that the telephone call "was initiated to the Plaintiff's wireless telephone line."

28. Vantis lacks knowledge or information sufficient to admit or deny paragraph 28.

29. Answering paragraph 29, Vantis lacks knowledge or information sufficient to admit or deny what plaintiff contends he heard, but Vantis denies that it placed a telephone call to plaintiff using "an automatic telephone dialing system."

30. Based on a recording of a telephone conversation between plaintiff and the representative of a third party, Vantis admits, upon information and belief, that the third-party representative identified herself as "Chris" of "Senior Care."

31. Vantis is without knowledge or information sufficient to admit or deny that "Senior Care" is "a non-existent entity." Otherwise, paragraph 31 is denied.

32. Based on a recording of a telephone conversation between plaintiff and the third-party representative, Vantis admits, upon information and belief, that plaintiff was transferred to

5

Roberta Talbott; that Ms. Talbott spoke with plaintiff; and that Ms. Talbott sent information concerning life insurance to plaintiff by email at plaintiff's request.

33. Based on a recording of a telephone conversation between Ms. Talbott and plaintiff, Vantis shows that Ms. Talbott identified herself as "a life agent with Vantis" and stated, "I'm with Vantis, Vantis Life Insurance Company." Otherwise, Vantis is without knowledge or information sufficient to admit or deny paragraph 33.

34. Based on a recording of a telephone conversation between Ms. Talbott and plaintiff, Vantis admits that Ms. Talbott told plaintiff, "Vantis is owned by Penn Mutual, and Penn Mutual is in Horsham, Pennsylvania. They're an A++ Superior rated Company, and they have been in business over 170 years …."

35. Paragraph 35 is denied. Vantis admits only that Ms. Talbott spoke with plaintiff at plaintiff's request and provided information requested by plaintiff regarding life insurance.

36. Paragraph 36 is denied.

37. Answering paragraph 37, Vantis denies that it contacted plaintiff "by an automatic telephone dialing system or prerecorded message." For further answer, Vantis shows, on information and belief, that the telephone call was placed by a third party to a telephone number, later confirmed by plaintiff to be his telephone number, which was provided to the third party on a form expressing interest in insurance.

38. Paragraph 38 does not refer to Vantis and does not allege any act or omission by Vantis. Therefore, no answer is required to paragraph 38.

## Second Call

39. Vantis lacks knowledge or information sufficient to admit or deny paragraph 39.

40. Vantis lacks knowledge or information sufficient to admit or deny paragraph 40.

41. Vantis lacks knowledge or information sufficient to admit or deny paragraph 41. For further answer, Vantis lacks knowledge or information sufficient to admit or deny what plaintiff contends he heard, but Vantis denies that it placed a telephone call to plaintiff using "an automatic telephone dialing system."

42. Vantis lacks knowledge or information sufficient to admit or deny paragraph 42.

43. Vantis lacks knowledge or information sufficient to admit or deny paragraph 43.

44. Vantis lacks knowledge or information sufficiet to admit or deny paragraph 44.

45. Vantis lacks knowledge or information sufficient to admit or deny paragraph 45.

46. Vantis lacks knowledge or information sufficient to admit or deny paragraph 46.

47. Vantis lacks knowledge or information sufficient to admit or deny paragraph 47.

48. Vantis lacks knowledge or information sufficient to admit or deny paragraph 48.

49. Paragraph 49 is denied.

## **Vantis Vicarious Liability**

50. Paragraph 50 is denied. Vantis admits that it is a corporation organized and existing under the laws of Connecticut.

51-58. Paragraphs 51 through 58 do not refer to Vantis, and they do not allege any acts or omissions by Vantis. Rather, they consist of plaintiff's citations to various publications and internet sites, and to incomplete quotations from such sources. Therefore, no answers are required by Vantis to paragraphs 51 through 58. If answers should be required, Vantis refers plaintiff to the complete publications and other sources cited by plaintiff, which speak for themselves, for a full disclosure of their contents, and denies any allegations asserted against Vantis.

59. Paragraph 59 is denied.

60. Paragraph 60 is denied.

61. Paragraph 61 is denied.

62. Paragraph 62 is denied.

63. Paragraph 63 is denied.

64. Paragraph 64 is denied.

65. Paragraph 65 does not refer to Vantis, and does not allege any acts or omissions by Vantis. Rather, it consists of plaintiff's citations to a public record, and to an incomplete quotation from such record. Therefore, no answer is required by Vantis to paragraph 65. If an answer should be required, Vantis refers plaintiff to the complete public record, which speaks for itself, for a full disclosure of its contents, and denies any allegations asserted against Vantis.

## Cause of Action

### Count One

### Violations of the TCPA's Automated Calling Provisions

66. For answer to paragraph 66, Vantis adopts and incorporates by reference its answers to paragraphs 1 through 65.

67. Paragraph 67 is denied.

68. Paragraph 68 is denied.

69. Paragraph 69 is denied.

70. Paragraph 70 is denied.

71. Vantis denies plaintiff's Prayer for Relief.

72. Except as herein set out, the allegations of plaintiff's complaint and of Count One thereof are denied.

114352881.v1

## Further Answering and By Way of Counterclaims

1. Counterclaim plaintiff Vantis is a corporation organized and existing under the laws of Connecticut with its principal place of business in Windsor, Connecticut.

2. Counterclaim defendant Connor is a citizen of South Carolina, residing within this judicial district.

3. Vantis removed this case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

4. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because counterclaim defendant Connor resides in this judicial district and/or a substantial part of the events giving rise to the claims occurred in this judicial district.

6. Vantis engaged TechLeads LLC, a limited liability company, to present potential clients to Vantis.

7. Upon information and belief, a form publicly available on an internet website was completed by inserting a telephone number and an address, later confirmed by Connor to be his telephone number and address, and was submitted to a third party indicating an interest in obtaining life insurance.

8. Upon information and belief, on January 24, 2020, in response to the submitted form, a representative of the third party contacted Connor by telephone; Connor provided preliminary information; Connor then requested that a follow-up telephone call be made to another telephone number provided by Connor.

9. A follow-up telephone call was placed by the third party to the separate number provided by Connor, and that call was transferred to a representative of Vantis, who obtained additional information provided by Connor regarding his eligibility for life insurance, and who agreed at Connor's request, to send Connor via email premium quotes for term life insurance and whole life insurance.

10. Vantis did not use an automated dialing system or a prerecorded message to call Connor.

11. Connor gave permission for contact to be made with him, and at Connor's request, he received information from a third party regarding life insurance and premiums required for term life insurance and whole life insurance.

12. On March 3, 2020, Connor filed a complaint in the Magistrate Court of Charleston, South Carolina, alleging that Vantis placed an "unsolicited, anonymous, unwanted" telephone call to him in violation of the Telephone Consumer Protection Act ("TCPA") and the South Carolina Telephone Privacy Protection ("SCTPPA").[1]

13. Upon information and belief, Connor has filed numerous lawsuits against insurers and other business entities, claiming violations of the TCPA.

14. Upon information and belief, Connor filed this action against Vantis without performing an investigation, or an adequate investigation, and without conducting a reasonable inquiry, into whether Vantis had violated the TCPA.

---

[1] In his Second Amended Complaint, plaintiff abandoned his claim under the SCTPPA, and it was not reasserted in the Third Amended Complaint.

15. Upon information and belief, Connor has engaged in frequent nuisance filings of legal actions, without investigation and without reasonable inquiry, solely for the purpose of obtaining settlements from the defendants.

**By Way of First Counterclaim Cause of Action**
(Frivolous Civil Proceedings)

16. Counterclaim plaintiff Vantis repeats and re-alleges paragraphs 1 through 15 of its Counterclaims as if fully set forth verbatim.

17. The claims asserted by counterclaim defendant Connor in his Amended Complaint violate the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. § 15-36-10, in that Connor knowingly, intentionally, and deliberately caused to be filed a complaint alleging causes of action which Connor knew to be false, unfounded, unsupported, improper, and/or barred by law.

18. Accordingly, Vantis is entitled to the relief and damages, including attorney's fees and costs, provided by S.C. Code Ann. § 15-36-10, and for sanctions against Connor and all persons responsible for the filing of said frivolous causes of action.

**By Way of Second Counterclaim Cause of Action**
(Abuse of Process)

19. Counterclaim plaintiff Vantis repeats and re-alleges paragraphs 1 through 15 of its Counterclaims as if fully set forth verbatim.

20. Counterclaim defendant Connor's action in filing the present litigation against Vantis constitutes an abuse of process undertaken by plaintiff to willfully and maliciously injure Vantis, and with the ulterior purpose and illegitimate objective of harassing Vantis through vexatious litigation.

114352881.v1

21. As a result of such abuse of process, Vantis has suffered damages and is accordingly entitled to an award of actual, consequential, and punitive damages in an amount to be determined by the trier of fact

WHEREFORE, having answered fully, Vantis Life Insurance Company requests that this Court:

a) Dismiss plaintiff's complaint with prejudice;

b) Enter judgment in favor of Vantis Life Insurance Company on its counterclaims; and

c) Grant such other and further relief as is just and proper.

Respectfully submitted,

*s/ Emily I. Bridges*
Emily I. Bridges (#12258)
Fox Rothschild LLP
2 West Washington Street, Suite 1100 (29601)
Post Office Box 87
Greenville, SC 29602
(864) 751-7600 / (864) 751-7800 (fax)
ebridges@foxrothschild.com

*s/H. Sanders Carter, Jr.*
H. Sanders Carter, Jr. (Ga. Bar No. 114100)
(Admitted *Pro Hac Vice*)
Fox Rothschild LLP
999 Peachtree Street, N.E., Suite 1500
Atlanta, GA 30309
(404) 962-1000 / (404) 962-1200 (fax)
scarter@foxrothschild.com

*Attorneys for Defendant*
*Vantis Life Insurance Company*

This 25th day of September, 2020.

CERTIFICATE OF SERVICE

This will certify that I have served a copy of the foregoing document upon Plaintiff by depositing a copy of the same in the United States mail, postage prepaid, addressed to him as follows:

Jay Connor
215 East Bay Street 201-F
Charleston, South Carolina 29401

This 25th day of September, 2020.

                 *s/ Emily I. Bridges*
                 Emily I. Bridges (SC Bar #12258)