Jay Connor
215 East Bay Street 201-F
Charleston, SC 29401
Jayc650@gmail.com

November 6, 2020

Delivery via Email to: pro-sefilings@scd.uscourts.gov

MAGISTRATE JUDGE MARY GORDON BAKER
United States District Court
District of South Carolina
Charleston Division
P.O. Box 835
Charleston, SC 29402

RE:   *Connor v. Vantis Life Insurance Company, et al.*
      Civil Action No. 2:20-cv-01366-DCN-MGB
      **LETTER MOTION TO ISSUE SUBPOENAS**

Dear Magistrate Judge Baker:

Pursuant to the Court's 10/28/20 Order, Document Number 55, Plaintiff is requesting leave to issue subpoenas to AT&T and Rhett Ferrin.

**Subpoena to AT&T:**

Plaintiff seeks inbound/outbound call detail records for his wireless numbers, 704-763-2155 and 843-718-8180.

These documents are relevant for the following reasons:

First, the carrier detail records will confirm the time and date information of the subject call of the complaint, the outbound call by Plaintiff to counsel for Penn Mutual prior to filing the complaint, and the 2nd call alleged in the complaint.

Second, carrier records often provide information about the source of a call, the caller ID transmitted in the call (if the outgoing caller ID has been manipulated by the calling party), and information about routing of the call that would not normally show up on a customer invoice.

Third, Rhett Ferrin, the CEO of TechLeads, also called Plaintiff on 1/24/20, but Mr. Ferrin does not remember the time of the call, and has not provided the caller ID transmitted in the

call. Plaintiff also seeks to confirm the originating number from which Mr. Ferrin placed the call to Connor.

Furthermore, Vantis has alleged in its pleadings that Plaintiff did not properly investigate the call prior to filing the lawsuit. The call detail records will confirm a 1/27/20 outbound call from plaintiff's phone line to general counsel for Penn Mutual, the parent company of Vantis, prior to filing the lawsuit. This is relevant because it supports Plaintiff's claim that he made a good faith effort to contact Penn Mutual to investigate the call, and identify the source of the subject call before filing the lawsuit.

Lastly, Connor has received other anonymous calls selling life insurance, that upon information and belief, may be linked to the defendants. The phone records may reveal more information about the source of the anonymous calls that transmitted spoofed caller IDs, similar to the subject call of the complaint.

**Subpoena to Rhett Ferrin:**

Plaintiff seeks to issue a subpoena to Rhett Ferrin for an oral deposition.

Rhett Ferrin's testimony is relevant for the following reasons.

First, he is the CEO of TechLeads. TechLeads has no other employees. TechLeads entered into a contract to provide live call transfers for to Vantis Life Insurance.

Second, Ferrin made an unsolicited call to Connor on 1/24/20, separate from the subject call of the complaint Plaintiff received from "Chris" with "Senior Care".

Third, Mr. Ferrin can explain the relationship between all of the parties that participated directly or indirectly in the call to Connor, and how each party benefited, or stood to benefit from the subject call of the complaint, and the call he placed to Connor individually.

Fourth, Mr. Ferrin can explain Vantis' assertion in its initial counterclaim that Plaintiff provided consent to TechLeads on their website for the subject call of the complaint.

Lastly, Mr. Ferrin can explain the nature of the relationship of TechLeads with K-Square Marketing, Intelemedia, and the circumstances surrounding how and why they are routing telemarketing life insurance calls from K-Square Marketing to Vantis Life Insurance.

Plaintiff has requested the information about the relationship between TechLeads and those involved in the subject call in discovery to TechLeads, and followed-up with two letters to Ms. Bridges seeking the requested information clarifying the requests.

 A deposition will provide the opportunity for Mr. Ferrin to answer these questions, and the opportunity for follow-up questions in a more efficient, accurate way than exchanging letters with the defendant's attorney.

Upon approval from the court to issue the subpoena, plaintiff will submit a proposed order to Ms. Bridges and the court suggesting the guidelines for the deposition.

Sincerely,

*Jay C. Connor*

Jay C. Connor Plaintiff *Pro Se*
843-557-5724